UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.: **3:97cr81-RV-CJK**
3:16cv345-RV-CJK
**3:97cr92-RV-CJK**
3:16cv346-RV-CJK
**3:97cr103-RV-CJK**
3:16cv347-RV-CJK

CHRISTOPHER G. SUMMERS,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Defendant has filed a handwritten "Motion to Vacate, Set Aside or Correct Sentence under Title 28 U.S.C. § 2255(a)(b)(c)(d)(e)(f) et seq… Due to New Information or Evidence" in each of the above-styled cases.[1] Defendant concedes this is his second § 2255 motion; nevertheless, he requests permission to file the motion because he claims it is based upon newly discovered evidence. (ECF No. 136 at 4). This court does not have jurisdiction to entertain a second or successive motion absent certification by a panel of the Eleventh Circuit Court of Appeals. 28

---

[1] The 3 criminal cases were merged, and all document references are to Case No. 3:97cr103-RV-CJK unless otherwise noted.

U.S.C. § 2255(h).   Therefore, Defendant's motion should be summarily dismissed without prejudice.[2]

## BACKGROUND and ANALYSIS

On October 10, 1997, Defendant pleaded guilty to bank robbery.   (ECF No. 13).   He was sentenced to a 175-month term of imprisonment, the sentence to run concurrently with the 175-month sentences imposed in cases 3:97cr81 and 3:97cr92. (ECF Nos. 8, 13).   Defendant appealed, challenging a 2-level sentence enhancement that had been applied for making a "threat of death" during the robbery.   (ECF No. 22).   The Eleventh Circuit remanded the case for resentencing after finding application of the enhancement was an ex post facto violation.   (ECF No. 22).   Upon resentencing in November 1999, the court sentenced Defendant to a term of 28 months' imprisonment to run consecutively to the 230-month and 30-month terms imposed in cases 3:97cr81 and 3:97cr92, for a total of 288 months. (ECF Nos. 26, 78).   This longer sentence was based in part upon Defendant's request for a federal sentence that exceeded his 18-year state sentence.   (ECF Nos. 78, 136).   Defendant's goal was to avoid the imposition of a state detainer, without which he would have a lower custody level for purposes of his assignment within the Bureau of Prisons ("BOP").   (ECF No. 78).   Although the district court

---

[2] Defendant's motion is not on the appropriate court form as required by Northern District of Florida Local Rule 5.7(A).   If summary dismissal were not warranted in this case, the court would require Defendant to file an amended motion on the court form before his case could proceed.

Case Nos. 3:97cr103-RV-CJK; 3:97cr92-RV-CJK; 3:97cr81-RV-CJK

fashioned its sentence to accommodate Defendant's request, it also stated the upward departure was supported by sections 4A1.3 and 5K2.14 of the Sentencing Guidelines. (*Id*. at 25-27). The court further observed that if Defendant's prior escape conviction had been treated as a crime of violence he would qualify as a career offender and consolidation of the bank robbery cases minimized the seriousness of his criminal history. (*Id*. at 27-28).

Defendant filed nothing for over 7 years. In February 2007, however, he filed a motion seeking placement in the Florida Department of Corrections. (ECF No. 27). Thereafter, he filed numerous post-conviction motions that were denied. (ECF Nos. 30, 31, 44, 45, 57, 58, 69, 72, 74, 76, 82, 83, 85, 86, 88, 92, 94, 96, 98, 113, 114, 117, 119). In April 2012 Defendant filed a "Petition for Jail Credit prior to Re-sentencing." (ECF No. 102).[3] The district court granted this motion on June 12, 2012, and included in its order a directive to the BOP to give Defendant credit for 27 days he had spent in federal custody for resentencing. (ECF No. 109).

Defendant filed his first § 2255 motion on April 1, 2014. (ECF No. 122 at 4). In the motion, Defendant sought to have his 1999 sentence corrected, claiming

---

[3] In May 2012 Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255, along with a motion for leave to proceed *in forma pauperis* and a petition for stay of decision on the § 2255 motion. (ECF Nos. 104-106). These documents were returned to Defendant as deficient after filing (ECF No. 107) and were not resubmitted. Defendant also filed a motion to dismiss the § 2255 motion, the contents of which are not apparent from the record as it was also returned as deficient before docketing. (ECF No. 108). Defendant did not resubmit the previously filed § 2255 motion.

Case Nos. 3:97cr103-RV-CJK; 3:97cr92-RV-CJK; 3:97cr81-RV-CJK

that he had "new evidence"—an earlier projected release date for his state sentence—which, had it been known to the court at the November 1999 resentencing, would have resulted in a shorter federal sentence. (ECF No. 122). Defendant also complained that the BOP was not honoring the district court's order directing it to give him credit for the 27 days he spent in federal custody for resentencing. (*Id.* at 3-4).

The undersigned recommended that the § 2255 motion be dismissed and the district court adopted that recommendation. (ECF Nos. 124, 132). The court noted Defendant's claim regarding credit for time served was not properly before the court. (ECF No. 124 at 3-4). A claim concerning credit for time served should be raised not via § 2255, but rather as a petition for habeas corpus pursuant to 28 U.S.C. § 2241, after exhaustion of administrative remedies in the district in which Defendant is incarcerated. *See e.g., United States v. Tubby*, 546 F. App'x 869 (11th Cir. 2013) (citing *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005)); *United States v. Pruitt*, 417 F. App'x 903, 904 (11th Cir. 2011) (citing *United States v. Nyhuis*, 211 F.3d 1340 (11th Cir. 2000)). The court also noted it was not clear that Defendant's assertion that he was entitled to relief based on "new" evidence regarding his state court sentence fell within the parameters of § 2255. (ECF No. 124 at 4). That statute affords relief only if a court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its

Case Nos. 3:97cr103-RV-CJK; 3:97cr92-RV-CJK; 3:97cr81-RV-CJK

jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   Even if Defendant's remaining claim was properly raised under § 2255, however, it was untimely.   (ECF No. 124 at 4-6).

In his second § 2255 motion, Defendant attempts to raise a similar "newly discovered evidence" claim based on the relationship between his federal and state sentences.   He seeks a 14-month reduction in his federal sentence, claiming the state sentence upon which his federal sentence was fashioned has now been terminated due to the Florida Department of Corrections' "conditional release program."   (ECF No. 136 at 3).   Defendant characterizes this as newly discovered evidence because the program was not in existence at the time of his 1999 resentencing.   Had the evidence been known, he argues, his federal sentence upon resentencing would have been shorter.

The court does not have jurisdiction to review the merits of Defendant's second § 2255 motion.   Defendant's initial § 2255 motion was dismissed as time-barred, making this a "second or successive" § 2255 motion.   *See Villanueva v. United States*, 346 F.3d 55, 59-61 (2d Cir. 2003) (holding "that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes"); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding "that a prior untimely petition does count because a

statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"); *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (dismissal of habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements). Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 F. App'x 409 (11th Cir. 2010). Defendant's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion. Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §

Case Nos. 3:97cr103-RV-CJK; 3:97cr92-RV-CJK; 3:97cr81-RV-CJK

2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.　That the "Motion to Vacate, Set Aside or Correct Sentence under Title 28 U.S.C. § 2255(a)(b)(c)(d)(e)(f) et seq... Due to New Information or Evidence" as docketed in each of the above-styled criminal and civil cases be **DISMISSED WITHOUT PREJUDICE**.

2.　That a certificate of appealability be **DENIED**.

Case Nos. 3:97cr103-RV-CJK; 3:97cr92-RV-CJK; 3:97cr81-RV-CJK

At Pensacola, Florida, this 1st day of March 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.